**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | | |
|---|---|---|
| **FIRST CHIRSTIAN CHURCH** | § | |
| **(DISCIPLES OF CHRIST) OF TYLER,** | § | |
| | § | **CIVIL ACTION NO. 6:23-CV-00342-JDK-** |
| | § | **JDL** |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | |
| **CHURCH MUTUAL INSURANCE** | § | |
| **COMPANY S.I.,** | § | |
| | § | |
| **Defendant.** | | |

**REPORT AND RECOMMENDATION OF**
**UNITED STATES MAGISTRATE JUDGE**

Before the court is Plaintiff First Christian Church of Tyler's partial motion for summary judgment. (Doc. No. 20.) Defendant Church Mutual Insurance Company filed a response. (Doc. No. 27.) For the reasons stated herein, the court **RECOMMENDS** that Plaintiff's partial motion for summary judgment (Doc. No. 20) be **DENIED**.

**BACKGROUND**

**I.    Procedural History**

This case arises out of an insurance claim for wind and hail damage to Plaintiff's property in 2020.[1] Defendant insured Plaintiff's property during the period in which the alleged damage occurred but ultimately denied Plaintiff's claim. (Doc. No. 4, at ¶¶ 8, 24–28.) Plaintiff then filed this lawsuit against Defendant in Texas state court on June 5, 2023, asserting claims for breach of contract, violations of Chapters 541 and 542 of the Texas Insurance Code, violations of the Texas

---

[1] Plaintiffs' complaint does not state exactly when the alleged hailstorm occurred, *see* Doc. No. 4, but other filings by the parties seem to agree that the date of loss is April 12, 2020. *See* Doc. No. 28, at 4; Doc. No. 28-3, at 1.

Deceptive Trade Practices Act, and violations of Defendant's common law duty of good faith and fair dealing. *Id.* at ¶¶ 32–81. On July 11, 2023, Defendant removed the case to federal court based on diversity jurisdiction. (Doc. No. 1.) Plaintiff seeks relief in the form of actual, consequential, and exemplary damages, statutory interest, attorney's fees, costs of court, pre- and post-judgment interest, and such other and further relief to which Plaintiff is entitled. (Doc. No. 4 at 14.)

Defendant filed an amended answer (Doc. No. 15) on October 30, 2024, asserting various affirmative defenses, including failure to mitigate damages, excluded damages, failure to satisfy conditions precedent, prior material breach, and deductible offset.

## II.    Motion for Summary Judgment

Plaintiff moves for summary judgment with respect to four of Defendant's affirmative defenses: (1) failure to mitigate damages, (2) failure to satisfy conditions precedent, (3) prior material breach, and (4) deductible offset. The court will address each affirmative defense in turn.

### a.    Failure to Mitigate Damages

Defendant alleges that Plaintiff failed to exercise reasonable care in mitigating its damages by failing to maintain the property and failing to repair the damage to the property following the storm. (Doc. No. 15, at ¶ 90.) Plaintiff argues that Defendant has no evidence that Plaintiff failed to mitigate damages. (Doc. No. 20, at 5.) In support, Plaintiff claims that it hired Cable Roofing to make minor repairs to the roof following the storm. (Doc. No. 20-4, at 6.) Plaintiff's expert, Bryan Hill, documented and photographed "repairs made to the TPO roofing along the northern perimeter of the upper roof." (Doc. No. 20-3, at 9, 87.) Further, Plaintiff hired Mr. Hill to inspect the property in an effort to get Defendant to pay for the damages. *Id.* at 2.

Defendant responds that mitigation of damages is a jury question. (Doc. No. 27, at 7.) Regardless, Defendant asserts that evidence in the record raises a genuine dispute about whether Plaintiff reasonably mitigated damages following the storm. *Id.* at 8. Although Plaintiff claims it

hired Cable's Roofing to make minor repairs to the roof, Defendant asserts that Plaintiff has not provided any receipts or other evidence showing when these repairs were made or their scope. *Id.* Defendant asserts that the hailstorm which allegedly caused the damage to Plaintiff's property occurred on April 12, 2020, but Plaintiff did not submit the insurance claim until November 24, 2020—over seven months later. *See* Doc. No. 20-2, at 2 (Church Mutual Letter Declining Coverage); Doc. No. 20-3, at 2 (Report of Bryan Hill); Doc. No. 27-2, at 2 (Church Mutual Acknowledgement of Claim). As such, it is unclear when these alleged repairs were made. Nor did Plaintiff submit any invoices or other evidence of expenses incurred in mitigating damages following the storm, despite the Policy providing for a right of reimbursement for such expenses. *See* Doc. No. 27-1, at 12. Further, Defendant's expert, Daniel Hillner's, inspection of the property also revealed several non-storm related maintenance defects that allegedly caused the roof leaks. *See* Doc. No. 27-4, at 12.

      b.    <u>Failure to Satisfy Conditions Precedent</u>

Defendant claims that Plaintiff failed to comply with the terms of the property conditions provision of the Policy, including (1) making repairs to the damaged property before seeking payment of benefits on a Replacement Cost ("RCV") basis; or (2) in the alternative, making a claim on an Actual Cash Value ("ACV") basis, and then seeking additional funds on a Replacement Cost ("RCV") basis within 180 days of the loss. (Doc. No. 15, at 11–12); (Doc. No. 27, at 11–13.) According to Defendant, Plaintiff did neither, so Plaintiff is not entitled to benefits on an RCV basis. Further Defendant asserts that Plaintiff's seven-month delay in providing notice of the loss constitutes a failure to satisfy a condition precedent under the Policy, and genuine fact issues exist as to whether Defendant was prejudiced by the delay. (Doc. No. 27, at 16–17.)

In its motion, Plaintiff argues that it was not required to fully replace the roof as a condition precedent to payment of benefits on an RCV basis because Defendant prevented Plaintiff from fully replacing the roof by refusing to pay *any* benefits under the policy at all. (Doc. No. 20, at 6.)

      c.    <u>Prior Material Breach</u>

Defendant asserts that Plaintiff's failure to mitigate damages constitutes a prior material breach of the Policy. (Doc. No. 15, at ¶ 90); (Doc. No. 27, at 16.) The parties' motion and response make substantially the same arguments as those concerning failure to mitigate damages, except Defendant also asserts that Plaintiff's delay in providing notice of the loss also constitutes a prior material breach and that any prejudice from delay is a question for the jury. (Doc. No 27, at 16–17.)

      d.    <u>Deductible Offset</u>

Defendant asserts that any recovery of benefits is subject to a deductible as stated in the Policy. (Doc. No. 15, at ¶ 98–99); (Doc. No. 27, at 18–19.) In is motion, Plaintiff argues that a deductible offset is not a "true affirmative defense." (Doc. No. 20, at 7.) Regardless, Plaintiff asserts that Defendant cannot claim the Policy deductible as an affirmative defense because Defendant paid nothing, so no deductible was ever due or subtracted from Plaintiff's benefits payment. *Id.* Further, Plaintiff suggests that payment of a deductible is usually only asserted as an affirmative defense in cases involving third party cost of defense coverage, not in cases involving first party insurance coverage. *Id.*

Defendant responds that even if Defendant had not denied Plaintiff's claim, any recovery under the Policy would still be subject to the terms of the Policy, including application of the deductible before payment of benefits. (Doc. No. 27, at 18.) Thus, any damages award for unpaid benefits must be reduced by the applicable deductible. *Id.* at 19.

## LEGAL STANDARD

A motion for summary judgment should be granted if the record, taken as a whole, "shows that there is no genuine issue as to any material fact  and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. The Supreme Court has interpreted the plain language of Rule 56 as mandating "the entry of summary judgment, after adequate time for discovery and upon motion,  against a party who fails to make a showing sufficient to establish the existence of an element  essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex  Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

"[T]he party moving for summary judgment must 'demonstrate the absence of a genuine issue of material fact,' but need not negate the elements of the nonmovant's case." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (quoting *Celotex*, 477 U.S. at 323–25). A fact is material if it might affect the outcome of the suit under the governing law. *Merritt-Campbell, Inc. v. RxP Prods., Inc.*, 164 F.3d 957, 961 (5th Cir. 1999). Issues of material fact are genuine if "the evidence is such that  a reasonable jury could return a verdict for the nonmoving party."  *Id.* If the moving party does not have the ultimate burden of persuasion, the party "must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos., Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000); *see also Duplantis v. Shell Offshore, Inc.*, 948 F.2d 187, 190 (5th Cir. 1991).

If the moving  party "fails to meet this initial burden, the motion must be denied, regardless of the nonmovant's  response." *Little*, 37 F.3d at 1075. If the movant meets this burden, Rule 56 requires the opposing party to go beyond the pleadings and to show by affidavits, depositions, answers to interrogatories, admissions on file,  or other admissible evidence that specific facts

exist over which there is a genuine issue for trial. *EEOC v. Texas Instruments, Inc.*, 100 F.3d 1173, 1180 (5th Cir. 1996); *Wallace v. Texas Tech.  Univ.*, 80 F.3d 1042, 1046–47 (5th Cir. 1996). The nonmovant's burden may not be satisfied by  conclusory allegations, unsubstantiated assertions, metaphysical doubt as to the facts,  or a mere scintilla of evidence. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586  (1986); *Wallace*, 80 F.3d at 1047; *Little*, 37 F.3d at 1075.

When ruling on a motion for summary judgment, the Court is required to view all justifiable inferences drawn from the factual record in the light most favorable to the nonmoving party. *Matsushita*, 475 U.S. at 587. However, the Court will not, "in the absence of any  proof, assume that the nonmoving party could or would prove the necessary facts." *McCallum Highlands, Ltd. v. Washington Capital Dus, Inc.*, 66 F.3d 89, 92 (5th Cir. 1995).

## DISCUSSION

### I.    Failure to Mitigate Damages

Defendant argues that Plaintiff failed to mitigate damages by failing to reasonably maintain and repair the roofs on the property before and after the storm. Plaintiff's motion claims that it acted reasonably to mitigate any damage to the roofs and that Defendant has no evidence to the contrary. For instance, Plaintiff hired Cable Roofing to make minor repairs to the roof following the storm. (Doc. No. 20-4, at 6.) Plaintiff's expert, Bryan Hill, documented and photographed "repairs made to the TPO roofing along the northern perimeter of the upper roof." (Doc. No. 20-3, at 9, 87.) And Plaintiff hired Mr. Hill to inspect the property in an effort to get Defendant to pay for the damages. (Doc. No. 20, at 5.)

Texas recognizes mitigation of damages as an affirmative defense in breach of contract cases. *See, e.g.*, *Wyde v. Francesconi*, 566 S.W.3d 890, 895 (Tex. App. 2018) (collecting cases). "The doctrine of mitigation of damages prevents a party from recovering for damages resulting

from a breach of contract that could be avoided by reasonable efforts on the part of the plaintiff." *Id.*; *see also Gunn Infiniti, Inc. v. O'Byrne*, 996 S.W.2d 854, 857 (Tex. 1999) ("Under mitigation principles, the long-standing law of [Texas] requires a claimant to mitigate damages if it can do so with 'trifling expense or with reasonable exertions.'" (quoting *Great Am. Ins. Co. v. North Austin Mun. Util. Dist. No. 1*, 908 S.W.2d 415, 426 (Tex. 1995))).

Here, although Plaintiff claims it took some action to mitigate damages following the storm, Plaintiff did not provide any receipts or other documents showing when the alleged repairs were made or the scope of any repairs. The fact that Plaintiff waited over seven months to file the insurance claim raises additional questions about the nature and extent of any mitigative measures taken after the storm. *See* Doc. No. 27-2, at 2 (Church Mutual Acknowledgment of Claim Letter, Nov. 24, 2020). Further, the report of Defendant's expert, David Hillner, indicates that the water damage to the buildings may be the result of inadequate maintenance of the roofing. *See* Doc. No. 27-4, at 12. Accordingly, there are genuine issues of material fact which preclude summary judgment on Defendant's mitigation of damages defense. *See First Baptist Church Mineola Texas v. Church Mutual Ins. Co.*, No. 6:20-CV-00403, Doc. No. 50, at 2–3 (E.D. Tex. Oct. 7, 2022) (denying plaintiff's motion for summary judgment on mitigation of damages where roof repairs were made more than nine months after the date of loss, plaintiff failed to submit an insurance claim for over six months after the date of loss, and plaintiff had not submitted any documentation of expenses related to roof repairs after the date of loss); *see also Marshall Mall Invs. LP v. Allied Prop. & Cas. Ins. Co.*, No. 2:21-CV-00109-RWS, 2023 WL 3686841, at *3 (E.D. Tex. Mar. 1, 2023) ("Defendant has raised a genuine issue of material fact regarding mitigation by presenting evidence of prior roof leaks, workmanship issues, and deferred maintenance.").

## II.      Failure to Satisfy Conditions Precedent

Defendant claims that Plaintiff failed to comply with multiple conditions precedent to payment of benefits under the Policy. Although the parties' arguments mainly focus on whether Plaintiff was required to fully repair the damaged roofs before seeking certain benefits under the policy, Defendant also maintains that plaintiff failed to comply with a separate precondition to performance—to give timely notice of the loss. (Doc. No. 27, at 17.)

"A condition precedent is an event that must happen or be performed before a right can accrue to enforce an obligation." *James Constr. Grp., LLC v. Westlake Chem. Corp.*, 650 S.W.3d 392, 404 (Tex. 2022) (citations omitted). Under Texas law, a prompt notice provision is a condition precedent to the insurer's performance under the policy. *Blanton v. Vesta Lloyds Ins. Co.*, 185 S.W.3d 607, 611 (Tex. App. 2006). However, "an insured's failure to timely notify its insurer of a claim or suit does not defeat coverage if the insurer was not prejudiced by the delay." *PAJ, Inc. v. Hanover Ins. Co.*, 243 S.W.3d 630, 636–37 (Tex. 2008); *see also Matador Petroleum Corp. v. St. Paul Surplus Lines Ins. Co.*, 174 F.3d 653, 658 (5th Cir. 1999) (where notice of a claim is subsidiary to the event that triggers coverage, Texas courts require prejudice from an insured's delay in giving notice).

Here, the Policy required Plaintiff to give Defendant "prompt notice" of the loss. (Doc. No. 27-1, at 12.) But Plaintiff did not provide notice of the loss until seven months later. *See* Doc. No. 27-2, at 2 (Church Mutual Acknowledgment of Claim Letter, Nov. 24, 2020). Plaintiff's motion does not address the late notice issue at all. It is the movant's burden on summary judgment to show the absence of a genuine issue of material fact and that the movant is entitled to summary judgment as a matter of law. *See* Fed. R. Civ. P. 56; *Liquid Air Corp.*, 37 F.3d at 1075. Regardless, Brandon Hillner's report indicates that inadequate maintenance of the roof may have caused or contributed to the roof leaks. And as noted above, Plaintiff has provided no evidence of

when and to what extent any maintenance or repairs of the roofs were made. Ultimately, whether Defendant was prejudiced by the delay is a fact issue for the jury. *See First Baptist Church Mineloa Texas*, No. 6:20-CV-00403, Doc. No. 50, at 4 (minimal repairs and six-month delay in giving notice created fact issue regarding prejudice from delay). Accordingly, there are genuine issues of material fact which preclude summary judgment on Defendant's failure to satisfy conditions precedent defense.

## III.    Prior Material Breach

Defendant asserts that Plaintiff's failure to mitigate damages constitutes a prior material breach of the Policy. (Doc. No. 15, at ¶ 97). Plaintiff's motion again asserts that it acted reasonably to mitigate any damage to the property and that Plaintiff has no evidence to the contrary, or in the alternative, that any failure to take mitigative measures only occurred after Defendant breached its duty to pay benefits under the Policy. (Doc. No. 20, at 6–7.)

Texas law recognizes prior material breach as an affirmative defense in contract cases. *See, e.g.*, *Blackstone Med., Inc. v. Phoenix Surgicals*, L.L.C., 470 S.W.3d 636, 646 (Tex. App. 2015) ("When one party to a contract commits a material breach of that contract, the other party is excused from any obligation to perform."). Generally, whether a breach is material is a question of fact. *Leonard v. Knight*, 551 S.W.3d 905, 910 (Tex. App. 2018). "In determining the materiality of a breach, courts consider, among other things, the extent to which the non-breaching party will be deprived of the benefit that it reasonably could have anticipated from full performance." *Id.*

Here, as noted above, there are genuine fact issues regarding mitigation of damages. Further, the Policy required Plaintiff to give Defendant prompt notice of the loss. But Plaintiff did not provide notice of the loss until seven months later. Accordingly, there are genuine issues of material fact that preclude summary judgment on Defendant's prior material breach defense.

## IV.    Deductible Offset

Defendant asserts that any recovery of benefits is subject to a deductible as stated in the Policy. (Doc. No. 15, at ¶ 98–99); (Doc. No. 27, at 18–19.) Plaintiff's motion argues that deductible offset is not a true affirmative defense, or alternatively, that no benefits were paid, so no deductible is owed. (Doc. No. 20, at 7–8.)

Under Texas law, a deductible offset may be asserted as an affirmative defense in insurance cases. *See* Tex. Ins. Code § 554.002 (In a suit under an insurance contract, "an exception to coverage claimed by the insurer . . . constitutes an avoidance or an affirmative defense."); *Brown v. Am. Transfer & Storage Co.*, 601 S.W.2d 931, 936 (Tex. 1980) ("The right of offset is an affirmative defense. The burden of pleading offset and of proving facts necessary to support it are on the party making the assertion."); *see also Allstate Fire & Cas. Ins. Co. v. Alfred*, No. 09-18-00357-CV, 2019 WL 6205154, at *2 (Tex. App. Nov. 21, 2019) (same).

Here, Defendant's answer and response to the motion for summary judgment reference the Deductible Provision as stated in the Policy.[2] The Property Coverage Part Declarations Page states that the Policy deductible is $5,000, except the deductible is $10,000 when the covered loss is for windstorm or hail damage.[3] To the extent that any recovery of benefits under the Policy are subject

---

[2] The Deductible Provision reads:

> In any one occurrence of covered loss or damage (hereinafter referred to as loss), we will first reduce the amount of loss if required by the Coinsurance Condition or the Agreed Value Optional Coverage. If the adjusted amount of loss is less than or equal to the Deductible, we will not pay for that loss. If the adjusted amount of loss exceeds the Deductible, we will then subtract the Deductible from the adjusted amount of loss, and will pay the resulting amount or the Limit of Insurance, whichever is less.

(Doc. No. 27-1, at 21.)

[3] Page 3 of the Property Coverage Part Declarations Page reads:

> ITEM 2. DEDUTIBLE – OCCURRENCE: 5,000 EXCEPT AS FOLLOWS:
>
> $10,000 WINDSTORM OR HAIL A 149.1 – APPLIES TO PREM.: 001 BLDG.: 001

to a deductible, Defendant is entitled to present that evidence to a jury. Accordingly, there are genuine issues of material fact that preclude summary judgment on Defendant's deductible offset defense.

## CONCLUSION

For the reasons stated above, the court **RECOMMENDS** that Defendants' partial motion for summary judgment (Doc. No. 20) be **DENIED**. Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report. A party's failure to file written objections to the findings, conclusions, and recommendations contained in this Report within 14 days after service shall bar that party from *de novo* review by the district judge of those findings, conclusions, and recommendations and, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc), *superseded on other grounds by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**So ORDERED and SIGNED this 10th day of July, 2024.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE

---

$10,000 WINDSTORM OR HAIL A 149.1 – APPLIES TO PREM.: 001 BLDG.: 002."

*Id.* at 8.