IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| FIRST CHRISTIAN CHURCH<br>(DISCIPLES OF CHRIST) OF TYLER,<br><br>    Plaintiff,<br><br>v.<br><br>CHURCH MUTUAL INSURANCE<br>COMPANY, S.I.,<br><br>    Defendant. | § § § § § § § § § § § § §  Case No. 6:23-cv-342-JDK |

**ORDER ADOPTING REPORTS AND RECOMMENDATIONS**

Plaintiff First Christian Church of Tyler sued Defendant Church Mutual Insurance Company in Texas state court on June 5, 2023, asserting claims for breach of contract, breach of the duty of good faith and fair dealing, and violations of the Texas Insurance Code and the Texas Deceptive Trade Practices Act (TDPA). Defendant removed the case to federal court on July 11, 2023.

Now before the Court are Plaintiff's motion for partial summary judgment (Docket No. 20) and Defendant's motion for summary judgment (Docket No. 23). The Court referred both motions to U.S. Magistrate Judge John D. Love for findings of fact, conclusions of law, and recommendations for disposition.

On July 10, 2024, Judge Love issued a report recommending that the Court deny Plaintiff's motion (Docket No. 45) and grant in part and deny in part Defendant's motion (Docket No. 46). Specifically, as to Defendant's motion, Judge Love recommended granting summary judgment and dismissing Plaintiff's claims for

1

punitive damages for the tort of bad faith, misrepresentation of coverage (Texas Insurance Code §§ 541.051(1)(A)–(B), 541.060(a)(1), & 541.061(1)), and failure to provide a reasonable explanation for denying the claim (Texas Insurance Code § 541.060(a)(3)).  Docket No. 46 at 20.  Judge Love recommended denying summary judgment on Plaintiff's claims for common law bad faith, statutory bad faith (Texas Insurance Code § 541.060(a)(2), (7) and Texas Business & Commerce Code § 17.50(a)(4)), failure to promptly affirm or deny coverage (Texas Insurance Code § 541.060(a)(4)), treble damages (Texas Insurance Code § 541.152(b)), and certain statutorily authorized attorney's fees (Texas Insurance Code § 542A.007).  *Id.*

This Court reviews the findings and conclusions of the Magistrate Judge de novo only if a party objects within fourteen days of service of the Report and Recommendation.  28 U.S.C. § 636(b)(1).  In conducting a de novo review, the Court examines the entire record and makes an independent assessment under the law.  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc), *superseded on other grounds by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

Here, neither party filed objections in the prescribed period.  The Court therefore reviews the Magistrate Judge's findings for clear error or abuse of discretion and reviews the legal conclusions to determine whether they are contrary to law.  *See United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989), *cert. denied*, 492 U.S. 918 (1989) (holding that, if no objections to a Magistrate Judge's Report are filed, the standard of review is "clearly erroneous, abuse of discretion and contrary to law").

Having reviewed the Magistrate Judge's Reports and the record in this case, the Court finds no clear error or abuse of discretion and no conclusions contrary to law. Accordingly, it is hereby **ORDERED** that the Magistrate Judge's Reports (Docket Nos. 45, 46) are **ADOPTED.**

The Court **DENIES** Plaintiff's motion for summary judgment (Docket No. 20).

The Court **GRANTS** in part and **DENIES** in part Defendant's motion for summary judgment (Docket No. 21). Defendant's motion is **GRANTED** as to Plaintiff's claims for punitive damages for the tort of bad faith, misrepresentation of coverage, and failure to provide a reasonable explanation for denying the claim, and those claims are **DISMISSED** with prejudice. Defendant's motion is **DENIED** as to the other grounds for relief.

So **ORDERED** and **SIGNED** this **31st** day of **July, 2024.**

_____
JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE